IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>**NOVUS TECHNOLOGIES, LLC**, a Utah limited liability company, **RALPH W. THOMPSON, JR., DUANE C. JOHNSON, RCH2, LLC**, a Utah limited liability company, **ROBERT CASEY HALL and ERIC J. WHEELER,**<br><br>　　　　Defendants.<br><br>and<br><br>**U.S. VENTURES, LC** a Utah limited liability company, **U.S. VENTURES INTERNATIONAL, LLC**, a Utah limited liability company, **ROBERT L. HOLLOWAY, ONLINE STRATEGIES GROUP, INC.,** a Delaware corporation, and **DAVID STORY,**<br><br>　　　　Relief Defendants. | CASE NO. 2:07-CV-00235<br><br>MEMORANDUM DECISION & ORDER<br><br>Judge Tena Campbell<br><br>Magistrate Judge Brooke C. Wells |

　　On January 30, 2008, the Court entered an Order To Show Cause ("OSC") as to why attorney Bruce S. Frank should not be required to disgorge funds of the receivership estate.[1]  At an October 30, 2008, hearing on Mr. Frank's failure to respond

---

　　[1] Order To Show Cause, Docket No. 230.

to the OSC, the court remanded Frank to the custody of the U.S. Marshall's Office.

Pursuant to the OSC and Order of Remand,[2] Mr. Frank provided the SEC with a handwritten accounting of relevant funds received. However, through its currently pending Motion to Disgorge Funds, the SEC asserts that Mr. Frank has received additional funds from relevant individuals and entities which were not included in Defendant's accounting. Accordingly, the SEC requests that this court order Mr. Frank to transfer to the receiver all funds set forth in their motion[3] "until such time as the Commission can determine if these funds were also transferred in violation of the asset freeze and properly belong to the receivership estate."[4] In response, Mr. Frank has filed a Motion To Strike Exhibits filed in support of the SEC's motion. For the reasons set forth herein, the Court hereby grants the SEC's Motion To Disgorge Funds and denies Mr. Frank's Motion To Strike.

The Order of Remand, in part, required Mr. Frank to: (1) "[d]eposit with the Court-appointed Receiver $795,000 comprised of $100,000 Frank received for legal fees to be rendered in connection with his representation of defendant Johnson and Thompson pursuant to a stipulated Order and $695,000 transferred to Frank from Johnson after the entry of the Order Freezing Assets."[5] (2) provide an "accounting of the

---

[2] Order of Remand, Docket No. 400.

[3] *See,* Plaintiff's Exhibit L.

[4] Plaintiff's Memorandum, at 6.

[5] Order of Remand, pg. 2, Docket No. 400.

$100,000 paid to Frank by the Receiver pursuant to Orders of this Court"[6] and (3) provide an "accounting of any other monies that Frank has received directly or indirectly from Novus Technologies, LLC ("Novus") and/or any entity affiliated with Novus, Johnson and/or Thompson, including any funds that were transferred to Frank after this case was commenced."[7]

Currently, it appears that despite representations to the contrary, Mr. Frank has failed to transfer the $795,000 to the court appointed receiver. Moreover, account statements reveal that Mr. Frank may have received additional funds from Novus technologies and/or entities affiliated with Novus, Thompson and/or Johnson that were not included on Mr. Frank's accounting and therefore in violation of the court's Remand Order.[8] While Mr. Frank motions the court to strike Plaintiff's attached exhibits B, D, E, F, G, H, I and J, the court finds it appropriate to consider those exhibits for purposes of this motion.[9]

Based upon Mr. Frank's non-compliance and possible failure to account for all funds transferred from the named persons and/or entities, the court grants the SEC's

---

[6]Id.

[7]Id.

[8]*See,* Plaintiff's Exhibits B, D, E, F, G, H and I.

[9]Exhibits B, D, F, G, I and J contain bank records and wire transfer confirmations. Copies of checks, bank records and wire transfers are self-authenticating and admissible pursuant to Federal Rule of Evidence 902(a).  Exhibit H includes the deposition transcript of Mr. David C. Ferrara. Sworn statements taken in the course of SEC investigations may be used in support of a motion. SEC v. Carnicle, 2000 U.S. App. LEXIS 14380, *5 (10th Cir. 2000) (citing, SEC v. American Commodity Exch. Inc., 546 F.2d 1361, 1369 (10th Cir. 1976)).

motion requiring Mr. Frank to disgorge funds. The court requests that the SEC immediately review the funds in order to determine if they are in fact subject to the asset freeze. Once that determination is made, if any funds are found not to be subject to the order of remand, the SEC is required to return such funds directly to those entities or individuals who transferred the funds to Mr. Frank.

Plaintiff's Motion To Disgorge Funds is hereby GRANTED. Defendant's Motion To Strike Exhibits is DENIED.

Dated this ____8th____ day of May, 2009.

BY THE COURT:

_____
BROOKE C. WELLS
United States Magistrate Judge