# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>NOVUS TECHNOLOGIES, L.L.C., et al.,<br><br>Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:07-CV-235-TC |

This matter comes before the court on the motion in limine filed by Plaintiff Securities and Exchange Commission (SEC) to exclude testimony by Defendant Ralph Thompson, Jr.'s expert witness, Ernest W. "Pat" Patterson, on the value of mining claims held by Novus Technologies, LLC. On August 20, 2010, the court held a hearing to determine whether Mr. Patterson qualifies as an expert under Rule 702 of the Federal Rules of Evidence and <u>Daubert v. Merrill Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). Having considered the record established in pleadings and at the hearing, as well as pertinent law, the court holds that (1) Mr. Patterson does not qualify as an expert witness in the areas for which he has been designated to testify, and (2) his proposed testimony and expert report are unreliable evidence that would not assist the jury. Accordingly, the court GRANTS the SEC's Motion in Limine to Exclude the Report and Testimony of Defendant's Expert, Ernest W. "Pat" Patterson.

**Mr. Patterson's Proffered Opinions**

Defendant Ralph Thompson, Jr. seeks to introduce the testimony[1] and expert report[2] of Ernest W. "Pat" Patterson to show that mining claims held by Novus Technologies, LLC ("Novus") are worth the $37 billion that Mr. Thompson purportedly represented to Novus' investors.

First, Mr. Patterson claims to have developed a proprietary fire assay method which can detect precious metals in "complex ores" that traditional fire assays are unable to detect. He further asserts that his proprietary method of extraction of precious metals, as well as assay reports from other labs, demonstrate the ore's financial promise (e.g., that the ore is "quite worth cultivating" and is "worth billions of dollars").

Second, Mr. Patterson disputes the reliability of assays commissioned by Allan Moran, a Certified Professional Geologist and expert witness retained by the SEC.

## ANALYSIS

**Standards Governing Admissibility of Expert Witness Testimony and Reports**

Under the Federal Rules of Evidence, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a <u>witness qualified as an expert by knowledge, skill, experience, training, or education</u>, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is <u>based upon sufficient facts or data</u>, (2) the testimony is the <u>product of reliable principles and methods</u>, and (3) the witness

---

[1] (See Excerpts from Deposition of Ernest W. "Pat" Patterson, attached as Ex. 2 to SEC's Mem. Supp. Mot. in Limine.)

[2] (See Expert Report of Pat Patterson, attached as Ex. 1 to SEC's Mem. Supp. Mot. in Limine.)

has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702 (emphasis added).

Under the evidentiary rule, the court's inquiry is twofold. First, the court must determine whether the witness is qualified as an expert in the area about which he will testify. United States v. Nacchio, 555 F.3d 1234, 1241 ("In determining whether expert testimony is admissible, the district court generally must first determine whether the expert is qualified 'by knowledge, skill, experience, training, or education' to render an opinion.") (quoting Fed. R. Evid. 702). Second, the court must determine whether the expert opinion is relevant and reliable. Daubert v. Merrill Dow Pharms., Inc., 509 U.S. 579, 589 (1993).

Here, the SEC contends that Mr. Patterson is not qualified as an expert in mineral ore assaying or mining claim valuation. The SEC also contends that Mr. Patterson's opinions are unreliable. The court agrees with the SEC's analysis and finds that Mr. Thompson has not satisfied his burden under Rule 702. See Nacchio, 555 F.3d at 1241 (proponent of expert witness bears burden of showing that witness's proffered testimony is admissible under Rule 702).

**Mr. Patterson Lacks the Qualifications of an Expert Witness.**

Mr. Patterson offers his opinions on fire assaying methods and the value of Novus' mining claims, but Mr. Thompson does not demonstrate that Mr. Patterson has the knowledge, skill, experience, training, or education to offer these opinions.

According to the record, Mr. Patterson holds a GED but has no educational background in geology, chemistry, economics, or the valuation of mineral deposits. He has not taken any formal course work in assaying, has not attended any seminars on assaying techniques offered by professional societies or the government, and is not a registered assayer. During his deposition,

when asked if he relied upon his own assay, he admitted, "No. Mine is totally suspect . . . . I'm not a professional assayer."[3] Mr. Patterson instead relies primarily on his personal experience to qualify himself as an expert witness. Although personal experience can be the source for expertise, Mr. Patterson does not satisfy that element either. Mr. Patterson, who testified that he has done a fair amount of reading on the relevant subjects, did not cite to any title or treatise to support his claim of expertise, and he did not meaningfully explain the circumstances under which he developed his claimed expertise.

Mr. Patterson's job experience is unrelated to his expert opinion and does not qualify him as an expert assayer. He has worked as an electrician; a general contractor; a worker doing rock blasting and earth moving; and a worker for one year in a placer mine.[4] He has never worked in a laboratory other than his own. And although Mr. Patterson stated that once, on one job, he was "operating heavy equipment used to extract various types of ore, testing that ore for the purposes of locating valuable ore locations, and building and operat[ing] various types of mining equipment,"[5] he does not explain what type of testing he did.[6]

In short, the record does not support his claim of expertise.

---

[3](Patterson Dep. at 48.)

[4](See Pl.'s Mem. Supp. Mot. in Limine at 9 (using Mr. Patterson's own words to demonstrate how different placer mining is from the type of mining at issue here).)

[5](Patterson Report at 4.)

[6]Mr. Patterson appears to lack knowledge of basic facts in mining. For example, his estimates of each claim's worth stated that significant levels of gold, platinum, and palladium occurred together, even though experts cited to in Mr. Patterson's Report claim that such a combination "simply does not happen in nature." (Patterson Report at A63.)

4

**Mr. Patterson's Proffered Testimony and Expert Report Are Not Reliable.**

The court evaluates several factors when assessing the reliability of the proposed expert witness's testimony, including: "(1) whether the expert's technique or theory has been or can be tested; (2) whether the technique or theory has been subject to peer review and publication; (3) whether there is a known or potential rate of error of the technique or theory when applied; (4) whether standards and controls for the technique or theory exist and are used; and (5) whether the technique has been accepted in the scientific community." Daubert, 509 U.S. at 593-94.

Mr. Patterson's methodology and valuation opinions do not hold up under the Daubert factors. Mr. Patterson's assaying process has never been tested by an independent laboratory, nor does he explain how his assaying technique is even testable. He does not know the rate of error for his process. Mr. Patterson has never published his technique, and it has never been subjected to peer review. Indeed, he testified that he would be unable to replicate his own tests because his laboratory was destroyed in a house fire. Because Mr. Patterson has never shared his technique, it cannot be generally accepted in the scientific community. Also, Mr. Patterson did not follow standard practices of the industry.[7] For example, he did not use an independent sampler, did not maintain chain of custody records, and did not provide standard samples or blank samples to labs (much less certified labs) that tested the samples.

In addition, Mr. Patterson's opinion that the claims owned by Novus are "worth billions of dollars" is unreliable. Mr. Patterson has no significant experience in valuing mining claims,[8]

---

[7]This is another factor courts consider when determining whether a methodology is reliable. United States v. Nacchio, 608 F. Supp. 2d 1235, 1251 n.19 (D. Colo. 2009).

[8] Mr. Patterson's purported expertise in assays is not a sufficient basis upon which to speculate about the overall value of Novus' claims.

5

does not explain how he reached his conclusion, and uses a layer of unsupported assumptions to speculate about an unrealistically high estimate of the value of Novus' claims. See GE v. Joiner, 522 U.S. 136, 146 (1997) (finding conclusion unreliable because "there is simply too great an analytical gap between the data and the opinion proffered."). (See also Pl.'s Mem. Supp. Mot. in Limine at 22-23 (breaking down the components of Mr. Patterson's valuation analysis).)

## CONCLUSION

For all of the reasons set forth above, the court holds that Mr. Patterson's proffered testimony and Report are not admissible evidence.

## ORDER

For the foregoing reasons, the Plaintiff's Motion In Limine To Exclude the Report and Testimony of Defendant's Expert, Ernest W. "Pat" Patterson (Docket No. 593) is GRANTED.

DATED this 2nd day of September, 2010.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
Chief Judge